BLANK ROME LLP
*Attorneys for Plaintiff*
Lauren B. Wilgus (Attorney No. 4771622)
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FRACHT FWO INC., <br><br> Plaintiff, <br><br> v. <br><br> NATURE'S INTENT LLC; NATURES TREATS LLC; ENCHANTE ACCESSORIES INC.; DONALD DEMATO and ANTHONY S. GLORIOSO, <br><br> Defendants | Civ. No. 1:24-cv-3881 <br><br> **AMENDED COMPLAINT** |

**AMENDED COMPLAINT**

Fracht FWO Inc. (hereinafter, "Plaintiff"), by and through its attorneys Blank Rome LLP, brings this action against Nature's Intent LLC ("Nature's Intent"), Natures Treats LLC ("Natures Treats"), Enchante Accessories Inc. ("Enchante"), Donald Demato ("Demato") and Anthony S. Glorioso ("Glorioso") (Nature's Intent, Natures Treats, Enchante, Demato and Glorioso collectively, "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1.      This is an action within this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and this is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. In addition, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the claims asserted herein arise out of the same transaction or occurrence and for part of the same case or controversy.

3. Venue in this district is based on 28 U.S.C. § 1391 in that at least one of the Defendants reside in this district, and the bill of lading between the parties, discussed at length more fully below, has a clause paramount which provides that "[a]ll carriage under this Bill of Lading to or from the United States shall have effect subject to the provisions of the Carriage of Goods by Sea Act of the United States, 46 U.S.C. sections 1300-1315 (hereafter, "COGSA")."

4. Venue in this district is also proper based on Nature's Intent's contractual consent to the jurisdiction of the United States District Court and the State courts of New York as well as Nature Intent's consent to the exercise of *in personam* jurisdiction by the United States District Court and the State courts of New York over it.

## **THE PARTIES**

5. Plaintiff is a New York corporation having its office and principal place of business located in Texas. Plaintiff held itself out to be a common carrier and/or a non-vessel operating common carrier engaged in the carriage of goods to or from a port of the United States of America and/or as an ocean transportation intermediary.

6. Defendant Nature's Intent is and was a Delaware limited liability company having its principal place of business located at 525 Route 73 North, Suite 310, Marlton, New Jersey.

7. Defendant Nature Treats is and was a New Jersey limited liability company having its principal place of business located at 525 Route 73 North, Suite 310, Marlton, New Jersey, and upon information and belief, was formed to succeed to the assets and carry on the business operations of Nature's Intent.

8. Defendant Enchante is and was a New York corporation having its principal place of business in New York, New York, upon information and belief, became the parent company and owner of all assets acquired from Nature's Intent by Natures Treats in or about December 2023, and controls all assets and operations of Nature's Intent and Nature's Treats.

9. Upon information and belief, Defendant Demato is and was an officer, principal and owner of Nature's Intent and was in a position of control over assets belonging to Nature's Intent.

10. Upon information and belief, Defendant Glorioso was an officer of Nature's Intent, is currently an officer of Natures Treats, and is and was in a position of control over assets belonging to Nature's Intent.

## FACTS

11. On or about December 31, 2022, through May 3, 2023, Plaintiff provided logistic services to Nature's Intent and duly invoiced Nature's Intent for these services. Specifically, Plaintiff coordinated shipments of cargo to Nature's Intent at the Places of Receipt and/or Port of Loading in good order and condition. The applicable bills of lading numbers and corresponding invoices are further detailed in *Exhibit A*. (*See* Exhibit ("Ex.") A, "Statement of Account").

12. In particular, Plaintiff arranged the carriage of organic chia grains from Asuncion, Paraguay to the destinations of New York, San Francisco, Oakland, Houston, and Newark within the United States for Nature's Intent. (*See* Exhibit A).

13. Nature's Intent also nominated a shipment to Plaintiff which required the transportation of dried mangos from Manila, Philippines to Vancouver, Canada, identified as PO# 780. (*See* Ex. A, pg. 43).

14. With the exception of PO# 780, the Defendant was listed as the "Consignee" on the ocean bills of lading.

15. The cargo was in good order and condition when delivered.

16. Nature's Intent accepted the shipments delivered by Plaintiff.

17. Plaintiff performed all obligations required to provide logistics services.

18. In June 2023, Nature's Intent advised it was unable to pay in full the outstanding balance of $430,947.32 owed. At this time, Demato and Glorioso admitted to Plaintiff that Nature's Intent lacked sufficient funds to pay Plaintiff and was working on finding a lender or other sources of additional capital.

19. Nature's Intent asked Plaintiff to agree to a structured payment plan where Nature's Intent would pay Plaintiff $20,000 per week until the outstanding balance was paid.

20. In light of the parties' ongoing commercial relationship, Plaintiff agreed and the parties documented the terms of the payment schedule by email dated June 5, 2023 (the "Payment Agreement"). (*See* Ex. B, "Payment Agreement").

21. Shortly after entering the Payment Agreement, Nature's Intent advised it was unable to pay the $20,000 per week agreed in the Payment Agreement and asked Plaintiff to once again reduce the payment terms from $20,000 to $5,000 per week. Plaintiff agreed to this further modification by email in July 2023, (the "Modified Payment Agreement"). (*See* Ex. C, "Modified Payment Agreement).

22. Despite Plaintiff's flexibility and Nature Intent's commitment to "make Fracht [Plaintiff] whole," Nature's Intent made no payments after October 2023. (*See* Ex. C).

23. As a result, Plaintiff had no choice but to terminate the Modified Payment Agreement effective as of December 11, 2023, and demand immediate payment of the outstanding balance.

24. To date, Nature's Intent has made no payment.

## COUNT I – BREACH OF CONTRACT

25. Plaintiff repeats and realleges each and every allegation set forth above as if set forth herein.

26. At all relevant times, Plaintiff was engaged to provide logistics services to Nature's Intent, including bills of ladings and corresponding invoices as set forth in *Exhibit A*.

27. At all relevant times, Plaintiff was responsible for the safe transportation of the cargo of Nature's Intent from the ports of loading to the ports of discharge noted in the relevant bills of lading and/or sea waybill.

28. Plaintiff complied with all requirements of the bills of lading and/or sea waybill.

29. Nature's Intent breached the bills of lading and/or sea waybill by failing to provide appropriate payment for delivery of the cargo in good order and condition.

30. As a direct and proximate result of Nature's Intent's breach, Plaintiff has suffered damages in the amount of at least $272,707.32, with the precise amount to be determined at trial.

## COUNT II – BREACH OF CONTRACT OF CARRIAGE

31. Plaintiff repeats and realleges each and every allegation set forth above as if set forth at length herein.

32. Plaintiff was a "Delivery Agent" under the bills of lading and the "Import Customs Broker" in the corresponding invoices. (*See* Ex. A).

33. The carriage under the corresponding bills of lading to the United States are subject to the provisions of COGSA.

34. Plaintiff provided freight services to facilitate the safe transportation Nature's Intent's cargo from the ports of loading to the ports of discharge noted in the relevant bills of lading and/or sea waybill.

35. Nature's Intent failed to pay Plaintiff for the freight services previously outlined.

36. Nature's Intent received and accepted the cargo from the port of discharge at the United States under the applicable bills of lading.

37. As a result of the Nature's Intent's breach, Plaintiff suffered damages in amount of at least $272,707.32, with the precise amount to be determined at trial.

## COUNT III – ACCOUNT STATED

38. Plaintiff repeats and realleges each and every allegation set forth above as if set forth herein.

39. Before commencement of this action Plaintiff and Nature's Intent had business transactions between them and agreed to the resulting balances reflected in the invoices in *Exhibit A*.

40. Plaintiff rendered the invoices in *Exhibit A* to Nature's Intent and Nature's Intent did not object to Plaintiff's invoices.

41. Nature's Intent promised they would pay Plaintiff invoices when they outlined Plaintiff would be made whole.

42. Yet, Nature's Intent failed to pay the amount stated.

43. As a direct result, Plaintiff has been damaged.

## COUNT IV – UNJUST ENRICHMENT

44. Plaintiff repeats and realleges each and every allegation set forth above as if set forth herein.

45. Plaintiff has conferred a benefit to Nature's Intent, in the form of freight transportation.

46. Nature's Intent accepted and retained the benefits of freight transportation from Plaintiff.

47. Nature's Intent failed to pay Plaintiff the reasonable value of the benefit provided as stated in the invoices attached as *Exhibit A*.

48. Under these circumstances, it would be inequitable for Nature's Intent to continue to retain said benefit without paying Plaintiff for the value of freight transportation.

49. Nature's Intent have been unjustly enriched by its actions at the expense of Plaintiff.

50. Plaintiff is entitled to damages due to this unjust enrichment, including but not limited to payment for the full value of services as stated in *Exhibit A*.

## COUNT V – SUCCESSOR LIABILITY

51. Plaintiff repeats and realleges each and every allegation as set forth above as if set forth herein.

52. Following the formation of Natures Treats, Natures Treats and Enchante continued the Nature's Intent operations and used the same trade names as those established by Nature's Intent.

53. Following the formation of Natures Treats, Nature's Intent continued buying and selling Produce.

54. Following the formation of Natures Treats, Natures Treats and Enchante continued running Nature's Intent's marketing operations, such as its websites.

55. Natures Treats and Enchante have assumed and paid the debts of Nature's Intent.

56. The assumption of debts owed by Natures Treats and Enchante, and the continuation of Nature's Intent's business by Natures Treats and Enchante, without payment of the monies due to Plaintiff, has prevented Plaintiff from recovering the debt owed for freight transportation of produce delivered to Nature's Intent.

57. The assumption of debts owed by Nature's Intent, and the continuation of Nature's Intent's business by Natures Treats and Enchante, was undertaken solely as a means of enabling Nature's Intent to fraudulently escape their liability to Plaintiff.

58. The continuation of the operations of Nature's Intent's business by Natures Treats and Enchante establishes that Natures Treats and Enchante have successor liability for the debts of Nature's Intent.

59. As a direct and proximate result of Natures Treats' and Enchante's continuation of the Nature's Intent business, without remitting payment to Plaintiff, Plaintiff has suffered and is continuing to suffer damages in an amount to be determined at trial in this matter, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT VI – FRAUD

60. Plaintiff repeats and realleges each and every allegation as set forth above as if set forth herein.

61. Demato and Glorioso made numerous false statements of material facts pertaining to Nature's Intent and the ability to pay the debts of Nature's Intent. (*See* Ex. B and C).

62. Demato and Glorioso had knowledge of the falsity of the material misrepresentation of facts.

63. Demato and Glorioso also made material omissions, including failing to inform the Plaintiff of the assumption of debts owed by Nature's Intent, and the continuation of Nature's Intent's business by Natures Treats and Enchante. Such actions were undertaken solely as a means of enabling Nature's Intent, Demato, and Glorioso to fraudulently escape their liability to Plaintiff.

64. Plaintiff justifiably and detrimentally relied on the material misrepresentation and omissions of Demato and Glorioso.

65. As a result of the material misrepresentations and Plaintiff's reliance on the same, Plaintiff was defrauded, resulting in financial damages to Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. Grant Plaintiff's claims in their entirety;

B. Enter judgment in the Plaintiff's favor against the Defendant in the amount of Principal in the amount of $272,707.32 (Two Hundred Seventy-Two Thousand, Seven Hundred and Seven Dollars and Thirty-Two Cents), plus 15% annual interest, attorneys' fees and costs; and

C. Grant such other and further relied as may be just and proper.

Dated: June 17, 2024
New York, New York

Respectfully submitted,

By:  /s/ *Lauren B. Wilgus*

Lauren B. Wilgus
(Attorney No. 4771622)
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5000
Email: Lauren.Wilgus@blankrome.com

Holli B. Packer
(*pro hac vice* forthcoming)
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5488
Email: Holli.Packer@blankrome.com

Attorneys for Plaintiff,
*FRACHT FWO INC*.